CHRISTIANSEN, Judge (concurring):
¶45 Based upon the Utah Supreme Court's recent decision in State v. Ogden , 2018 UT 8, 416 P.3d 1132, and its determination that the "proximate cause" standard of causation should apply in criminal restitution cases, I concur with the lead opinion's decision that this case must be remanded because the district court did not address the issue of foreseeability and consider specifically whether Victim's actions in parachuting more methamphetamine was a superseding cause of his death. I write separately, however, to emphasize a point about the causation standard in criminal restitution hearings that was recognized in Ogden , which point stems from prior Utah Supreme Court and Utah Court of Appeals decisions.
¶46 In State v. Robinson , 860 P.2d 979 (Utah Ct. App. 1993), this court stated that "[m]atters of negligence, proximate cause and the amount of resulting damages are best left to civil litigation." Id. at 983. The Utah Supreme Court agreed in State v. Laycock , 2009 UT 53, 214 P.3d 104 -at least in dicta-when the court noted that "there are procedural safeguards available to a litigant in a civil setting that are unavailable in a criminal restitution proceeding. When the facts of a case are limited or unclear, the civil setting is the best place for them to be determined." Id. ¶ 29. The Ogden court again acknowledged this point when it recognized "a number of the difficulties a sentencing court [might] face in trying to resolve issues of causation and losses, most notably a lack of opportunity for discovery that would allow a defendant to 'raise issues of proximate cause and comparative negligence by using depositions and interrogatories to gather relevant information.' " 2018 UT 8, ¶ 42, 416 P.3d 1132 (quoting Laycock , 2009 UT 53, ¶ 22, 214 P.3d 104 ). But based upon a plain language analysis of the Crime Victims Restitution Act, our supreme court determined that the Utah Legislature intended that the same causation standard applied in a civil action would apply in the criminal restitution context. Id. ¶ 38.
¶47 Clearly, "the best evidence of the legislature's intent is the plain language of the statute itself," and I cannot disagree with the supreme court's analysis in Ogden . Id. ¶ 31 (quotation simplified). However, I think it is important to keep in mind all of the practical *508 limitations a sentencing court faces in ordering restitution in a criminal case. If the Utah Legislature did not intend for proximate cause to be the standard applied in the criminal restitution context, it may want to amend the Crime Victims Restitution Act.